UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas J. BOWLER,
Defendant-Appellant.

No. 77–1820.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1978.

Decided Oct. 30, 1978.

George D. Crowley, Chicago, Ill., for defendant-appellant.

William D. Coston, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before SPRECHER and WOOD, Circuit Judges, and REYNOLDS, District Judge.*

REYNOLDS, District Judge.

The defendant-appellant Thomas J. Bowler has appealed from one of three sentences imposed upon him after he entered pleas of guilty to three criminal indictments pursuant to a comprehensive plea agreement covering a total of four indictments, on the ground that the Government prosecutor failed to honor promises made in the plea bargain. In this appeal, the defendant seeks to have this court either order specific performance by the Government of the promises that he claims were made or to reduce the sentence at issue. We vacate that sentence and remand to the district court with instructions that it require the Government specifically to perform the plea agreement and that it resentence the defendant.

## I. THE PLEA AGREEMENT

In 1976–1977 Bowler was indicted four times by a grand jury sitting in the Northern District of Illinois. One indictment dealt with the filing of false and fraudulent income tax returns (76 CR 1035) and the other three indictments dealt with antitrust law and mail fraud violations (77 CR 190, 191, 192). After the indictments were handed down the defendant entered into plea negotiations with the Government which resulted eventually in a plea agreement. The only portions of that agreement relevant to this appeal are the provisions contained therein for disposition of two of the four indictments, i. e., 76 CR 1035 and 77 CR 190.

With regard to 76 CR 1035, the agreement provided that the defendant would plead guilty to three counts of the indictment and that the Government would dismiss the remaining counts and would recommend that any period of incarceration imposed run concurrently with any periods of incarceration imposed in 77 CR 190 and 77 CR 191.

With regard to 77 CR 190, the agreement provided that the defendant would plead guilty to two counts of the indictment and that the remaining counts would be dismissed; that the defendant would cooperate with the Government in further prosecution of 77 CR 190 and 77 CR 191 and in existing investigations of violations of federal law; and further, to quote from the agreement:

"2. * * * C. The Government will recommend a maximum period of incarceration for defendant of three years. The Government will further recommend that any periods of incarceration imposed in 77 CR 190, 77 CR 191 and 77 CR 192

---

* The Honorable John W. Reynolds, Chief U. S. District Judge for the Eastern District of Wisconsin, is sitting by designation.

run concurrently with each other and with any period of incarceration imposed in 76 CR 1035, notwithstanding the fact that the sentences will be imposed by the respective judges to whom the cases are presently assigned. The Government's recommendations as to incarceration in cases 77 CR 190 and 77 CR 191 may be reduced, based upon the extent of defendant's truthful cooperation as described in paragraph 2 B above, the condition of his health and other personal factors, and Antitrust Division guidelines which indicate that fines may be substituted for incarceration in appropriate circumstances."

The defendant was sentenced to concurrent three-year terms on the counts of the indictment to which he pled guilty in 76 CR 1035; to concurrent one-year terms on the counts of the indictment to which he pled guilty in 77 CR 190; and the sentences imposed in the two actions were made to run consecutively to each other, with the result that the total period of incarceration imposed was four years. In making the sentences run consecutively, the district judge rejected the Government's recommendation that the sentences imposed in the different actions also should be concurrent to each other. This appeal from the sentence imposed in 77 CR 190 followed.[1]

The issue presented is whether or not the Government failed to honor the plea agreement in making its sentencing recommendation to the sentencing judge in 77 CR 190. Bowler argues that the Government had promised but subsequently failed to consider reducing its recommendation as to incarceration in light of the defendant's health, cooperation, and the sentencing guidelines of the Antitrust Division.[2] The Government disputes that it promised to consider reducing the recommendation, and it also disputes that the recommendation

was not in fact reduced. The issue for resolution in this appeal thus involves an interpretation of the language of the plea agreement quoted above.

## II. THE GOVERNMENT'S BREACH OF THE PLEA AGREEMENT

■ An analysis of whether or not a promise made by the Government for the purpose of obtaining a defendant's plea of guilty to a criminal charge has been fulfilled commences with the rule that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Strict fulfillment of prosecutorial promises emanates as a requirement from the significant consequences of a guilty plea—the waiver of important constitutional rights and the "adjudicative element" that is inherent in the plea. *Id.*

Unlike *Santobello,* however, where there was a clear promise to the defendant and a clear breach of that promise, the instant case involves a facially ambiguous statement by the Government that it may exercise its discretion to consider a reduction of recommended sentence in light of the specified factors. On the face of the statement there is no explicit promise by the Government that it would recommend a reduction, and the Government now argues that the language of the agreement only created a unilateral option for the Government in its discretion to recommend or not to recommend a lesser period of incarceration. The Government argues that there was in fact no promise.

■ We are of the opinion that the very presence of the statement in the written and executed plea bargain document to

1. Pursuant to the plea agreement Bowler also pled guilty before a different judge to one count of the indictment in 77 CR 191. The sentence imposed in that case is not before the court. Also pursuant to the agreement, Bowler agreed to plead guilty to one count of the indictment in 77 CR 192 and to go to trial on 38 counts of

that indictment. The resulting proceedings in that case also are not relevant to the issues now before the court.

2. The Antitrust Division sentencing guidelines are reported at 20 Criminal Law Reporter 3071 (March 2, 1977).

consider the specific mitigating factors shows that there was an implicit promise by the Government that it would consider these factors and would make a recommendation based on this consideration. The structure of the plea agreement shows that the Government's promise to consider the defendant's health and his cooperation and the Antitrust Division sentencing guidelines was intended by the Government, and was understood by the defendant, as an inducement for the defendant's plea of guilty. The inclusion in the agreement of the language that the "Government's recommendations as to incarceration * * * may be reduced, based upon" the specified factors would serve no purpose in the plea agreement unless construed to contain an implicit promise to consider the specified factors, for the Government had the authority to consider such mitigating factors even without the assent of the defendant to the language. The Government had no need to secure a "unilateral option" for it to consider such factors with an eye toward *reducing* its recommendation as to the sentence of incarceration. To construe the plea agreement as not including the Government's implicit promise to consider the specified factors would be to render the language mere surplusage. The language was included in the agreement as an indication to the defendant that these factors would in fact be considered in arriving at the recommendation as to sentence. The Government will not be allowed to avoid the obligation it thus incurred by claiming now that the language literally promises nothing to the defendant. A plea agreement is not an appropriate context for the Government to resort to a rigidly literal approach in the construction of language. Cf. *United States v. Brown*, 500 F.2d 375 (4th Cir. 1974) (holding that where the prosecutor promised to recommend a particular sentence, the mere half-hearted recitation of a suggested sentence would not satisfy the plea agreement).

The institutional framework within which plea bargaining takes place in our criminal justice system supports the conclusion that the Government implicitly promised to consider the specified mitigating factors. The Supreme Court has stated that "[d]isposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons," *Santobello v. New York*, supra, 404 U.S. at 261, 92 S.Ct. at 498, and properly administered, plea bargaining is to be encouraged. However, both to protect the plea bargaining defendant from overreaching by the prosecutor and to insure the integrity of the plea bargaining process, the "most meticulous standards of both promise and performance must be met by prosecutors engaging in plea bargaining." *Correale v. United States*, 479 F.2d 944, 947 (1st Cir. 1973). See also *Palermo v. Warden, Green Haven State Prison*, 545 F.2d 286 (2d Cir. 1976), petition for certiorari dismissed, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1976); *Geisser v. United States*, 513 F.2d 862 (5th Cir. 1975).

Therefore, we hold that the Government did promise to undertake a good faith analysis of the defendant's health and his cooperation in further prosecutions and investigations and of the Antitrust Division's sentencing guidelines as they applied to the defendant and to base its recommendation as to whether or not the combined sentences should be three years or less on such an analysis. The next issue is whether or not the Government honored that promise.

█ In determining whether or not the Government has lived up to its promise, we are faced at the outset with the problem that the Government's promise to exercise its discretion in undertaking a review of the specified mitigating factors is an evaluative function normally performed internally within the office of the prosecutor, and the sentence recommendation by the Government may not be questioned by a defendant as long as it is within the maximum terms set forth in the plea agreement. Based on the facts in this case, we hold that the Government's evaluation of the specified mitigating factors must be set forth in the record at the time of sentencing. Without such a record, there would be no way to ascertain whether or not the Government

had in fact performed the promised evaluation, and it is not the privilege of the Government to make the determination as to whether or not it has honored its promise. In *United States v. Simmons*, 537 F.2d 1260 (4th Cir. 1976), the Government had promised to recommend a term of 15 years' incarceration if the defendants gave full cooperation. Believing that the defendants had not cooperated fully, the Government instead recommended, and the defendants received, a term of incarceration of 18 years. The court of appeals held that the Government may not unilaterally determine that the defendants had breached the plea agreement by not cooperating fully, and also held that the Government must set forth in the record sufficient reasons for its belief that the defendants had not cooperated fully.

We will now consider whether or not the present record reflects an adequate evaluation by the Government of the factors that it promised to evaluate.

█ The Government's presentation to the sentencing judge was made by an attorney who represented the Antitrust Division of the Justice Department.[3] He stressed the seriousness of the offenses and the extent of the defendant's involvement. He also made a more extensive presentation of the defendant's cooperation with the Government and stated that the defendant had cooperated and provided information to the Government, but he added that the Antitrust Division believed the defendant's cooperation to have been less valuable than the cooperation given by other parties involved in the cases who had been given immunity. No analysis was presented by him of the state of the defendant's health or of the application of the Antitrust Division sentencing guidelines, particularly as they relate to the possible substitution of fines in the place of incarceration.

The presentation by the Government attorney thus failed to comply with the obligations which the Government assumed under the plea agreement. The record reflects a sufficient consideration of the "defendant's cooperation," but it contains no indication that the Government gave any serious consideration to the other factors specifically mentioned in the plea agreement. The Government's entire statement to the sentencing judge as to the defendant's health consisted of the following: "With regard to health, the probation office has provided your Honor with medical data which certainly can be evaluated by your Honor rather than the government." We hold that this statement does not indicate that the Government kept its promise to consider the defendant's health before making its recommendation to the sentencing judge.

The record is also devoid of any indication that the Government made an assessment of the Antitrust Division's sentencing guidelines, as the Government promised to do, particularly as the guidelines relate to the possibility of substituting fines for incarceration. Therefore, we hold that the Government also breached its obligation arising from the plea agreement to take the Antitrust Division's guidelines into account.

## III. *THE APPROPRIATE REMEDY*

We have concluded that the Government did breach the terms of the plea bargain agreement by failing to present in the record its evaluation of the mitigating factors which it implicitly promised would be evaluated in connection with the recommendation the Government was to make as to the sentence for the defendant. As the remedy for this breach, the defendant requests either that his sentence in the antitrust and mail fraud case (77 CR 190) be made to run concurrently with his sentence in the tax fraud case (76 CR 1035), or that the case be remanded for resentencing before a different judge, at which time the Government would be required to make a sentencing recommendation in connection with an evaluation of the factors specified in the plea agreement.

---

3. The U. S. Attorney's Office made the plea recommendation in 76 CR 1035, and Bowler does not dispute that the recommendation was in accord with the plea agreement, nor does he challenge the sentence imposed in that case.

Where a plea agreement has not been honored by the Government, the fashioning of an appropriate remedy is largely a matter of the exercise of the sound discretion of the court according to the circumstances of each case. *Santobello v. New York,* supra; *Palermo v. Warden, Green Haven State Prison,* supra. Appropriate relief can include allowing a defendant to withdraw a guilty plea, *United States v. Hammerman,* 528 F.2d 326 (4th Cir. 1975); directing the Government to provide specific performance of a promise, *Geisser v. United States,* 513 F.2d 862 (5th Cir. 1975); or ordering the imposition of a specific sentence where withdrawal of a guilty plea or specific performance by the Government would be either meaningless or infeasible. *Correale v. United States,* 479 F.2d 944 (1st Cir. 1973).

The defendant has not requested that withdrawal of his guilty plea be allowed, and to order that the sentences imposed upon the defendant be made to run concurrently would be to grant the defendant more than was promised in the plea agreement and would be an unnecessary intrusion into the district court's sentencing function. We are not persuaded that it is necessary to have the resentencing before a different judge. We believe that vacating the sentence imposed upon the defendant in the antitrust and mail fraud case and remanding the case for specific performance of the Government's promise and for resentencing is the appropriate remedy here.

For the foregoing reasons, the sentence in 77 CR 190 is vacated, and Case No. 77 CR 190 is remanded to the district court for further proceedings and for resentencing in accordance with this decision.

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

I join in Judge Reynolds' opinion and add only a few comments.

There is nothing in the record reflecting adversely upon government counsel to suggest that he acted in bad faith or in deliberate disregard of the plea agreement.

By joining in the opinion requiring that the prior sentence be vacated and the case remanded to the district court for resentencing, I do not mean to imply that any new sentence to be imposed must necessarily be lower than the original sentence, only that the sentencing judge when he exercises his sentencing discretion should have the full benefit of the government's complete fulfillment of all its obligations under the particular plea agreement.

As a matter of precedent, I believe it is important that the government be required to carefully and fully live up to any plea agreement it has seen fit to enter into.

SPRECHER, Circuit Judge, dissenting.

I respectfully dissent. I believe that the plea agreement was complied with and adhered to by the government in every respect. The requirement of *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), is that "[t]his phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances." The defendant here arguably was given more than what was reasonably due in the circumstances.

The bargain was that "[t]he Government *will* recommend a maximum period of incarceration for defendant of three years . . . [but] [t]he Government's recommendations as to incarceration . . . *may* be reduced, based upon the extent of defendant's truthful cooperation . . ., the condition of his health and other personal factors, and Antitrust Division guidelines which indicate that fines may be substituted for incarceration in appropriate circumstances."

The sentencing hearing covered 78 pages of transcript, throughout which the prosecution reminded the trial judge of the terms of the plea agreement. The agreement obligated the government to recommend a maximum sentence of three years, but instead of recommending that maximum period of incarceration, the government actual-

ly recommended to the judge that he impose no more than three years, leaving to the judge the full discretion to impose any period less than three years while nevertheless complying with the prosecution recommendation.

The recommending language appears several times during the sentencing hearing:

"The plea agreements . . . result in the Antitrust Division recommendation of incarceration on the individuals for a period of time not to exceed 3 years . . . ." (Tr. 37).

"The government's recommendation is an incarceration with a maximum of 3 years, limited to 3 years." (Tr. 47).

"[O]ur recommendation was incarceration, but the term to be determined by the Court. . . . [W]e recommend that the maximum which the Court would determine would be 3 years because of the plea agreement, making that limitation. But, we also, of course requested the Court to consider the mitigative factors of health and cooperation . . . ." (Tr. 68).

The cooperation or lack of it on the part of the defendant was explored in detail. The government explained the factors which influenced its recommendations of fines for the corporate defendants. Defendant's counsel argued whatever mitigative factors he desired at length.

It is clear to me, at least, that the government considered the factors mentioned in the plea agreement, found them not warranting a specific recommendation of incarceration less than three years, but nevertheless gave the defendant the benefit of the government's recommendation of a *maximum* period of three years, so that the trial Court could, if he desired, impose a lesser sentence without violating the prosecutorial recommendation. This was more than the defendant bargained for.

I have no conception of what more can occur upon resentencing. The majority holds that "the Government's evaluation of the specified mitigating factors must be set forth in the record at the time of sentencing." This cannot be done with fully objec-

tive, computer-like precision. It is a subjective evaluation, which has already taken place before the court on the record and cannot be improved upon.

I would affirm the sentence imposed.