**Lorenzo A. ROYE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 99–CO–1401.**

District of Columbia Court of Appeals.

Argued April 24, 2001.

Decided May 17, 2001.

---

838

Joanne Vasco, appointed by the court, Washington, DC, for appellant.

Jeffrey W. Bellin, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY, RUIZ, and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

Appellant Lorenzo A. Roye appeals from the denial of his motion to withdraw his guilty plea. The government concedes that it breached its plea agreement and that Roye is entitled to relief. We agree with Roye that he should be allowed to withdraw his plea.

## I.

Roye was indicted on charges of assault with intent to kill while armed and related offenses. On the day of trial, he tendered a plea of guilty to the lesser included offense of aggravated assault. As part of his plea agreement, unambiguously set forth on the record in accordance with Super. Ct.Crim. R. 11(e)(2), the govern-

ment promised to recommend a sentence of three to nine years, with execution of that sentence to be suspended as to "all but time served" (approximately eleven months as of the date of sentencing). In lieu of further incarceration, the government agreed to support probation for three years with a requirement that Roye participate in anger management counseling.

By the time of Roye's sentencing hearing two months later, on February 6, 1998, the government's promise to recommend an execution-suspended sentence was forgotten by everyone but Roye himself. Roye's defense counsel[1] had only a "vague" memory that "there was some conversation about probation" and an anger management program. He requested the court to consider a split sentence but said nothing about limiting Roye's incarceration to the eleven months he had already served. For his part, counsel for the government asked the court to *extend* Roye's imprisonment before placing him on probation:

> Your Honor, a person like that doesn't deserve to be on the street at this particular time. A split sentence sure but we would submit to the Court at least two to six years is appropriate and a period of probation and that probation should not commence until such time as he has received extensive counseling regarding violence.

Although his own counsel remained silent, Roye himself objected that the government had agreed to recommend "a suspended sentence, [with] three years probation." Roye started to say that he wanted to withdraw his guilty plea and go to trial, but the court said that the government was not violating its agreement—which, the court recollected (incorrectly), was

merely to recommend no more than three to nine years imprisonment with "some of it" suspended.

After further colloquy the court imposed sentence. Rejecting the options of probation and a split sentence altogether, the court sentenced Roye to a straight term of imprisonment for three to nine years. The court expressly declined to allow Roye to withdraw his guilty plea, a position it adhered to when it denied Roye's subsequent pro se motions to reduce his sentence or withdraw his plea.

## II.

■ Instead of recommending that the court suspend the execution of Roye's sentence and place him on probation, the government asked the court to require him to remain incarcerated. The government thereby breached its "duty to comply strictly" with the terms of its plea agreement. *White v. United States,* 425 A.2d 616, 620 (D.C.1980). Whether or not the government's allocution actually influenced the sentencing judge, the government's breach was material and Roye's sentence must be vacated. *See Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *White,* 425 A.2d at 618. That much is not in dispute in this appeal.

What is in issue is the further remedy to which Roye is entitled. Roye asks that we allow him to withdraw his guilty plea. The government represents that it takes no position in this court on the proper remedy. Rather, the government asks us to remand to permit the trial court to choose between withdrawal of the plea and a new sentencing proceeding at which the government would be required to render specific performance of its promise to ask for an execution-suspended sentence. Specific

---

1. Not the same counsel as on appeal.

performance, the government observes, has been deemed to be "the preferred remedy," *Margalli–Olvera v. INS*, 43 F.3d 345, 354–55 (8th Cir.1994), as well as the "less drastic" one. *White*, 425 A.2d at 620. When specific performance can be accomplished, it is preferred to other remedies for breach of the plea agreement because "[o]nce that is done, a defendant 'will obtain all he says he was promised and can then have no right to withdraw the plea.'" *United States v. Kurkculer*, 918 F.2d 295, 300 (1st Cir.1990) (quoting *McAleney v. United States*, 539 F.2d 282, 286 (1st Cir. 1976)).

■ We agree that when the government materially breaches its plea bargain, it is often appropriate to remand to enable the sentencing court to exercise its discretion as to the best choice of remedy under the circumstances. *See, e.g., United States v. Bowler*, 585 F.2d 851, 856 (7th Cir. 1978).[2] In this case, however, such a remand is not necessary; for we conclude, much as other appellate courts have concluded in like circumstances,[3] that specific performance of the plea bargain should not be ordered over Roye's objection.

We come to that conclusion because we discern two reasons why a resentencing at which the government recommends probation cannot now provide the material equivalent of what Roye was promised.

First, the value of the plea bargain for Roye has changed. Roye negotiated for a government recommendation that his imprisonment cease after eleven months. Having now spent an additional thirty-nine months in prison—for a total of over four years charged against his three to nine year sentence—Roye has less to gain than he had hoped when he bargained for a government recommendation that his imprisonment be limited to time served and that he be placed on probation. Second, even if we remand to a different sentencing judge, that judge will inevitably learn (if from no other source than this opinion) that the government initially allocuted against Roye's release. Since by now Roye arguably has served the extra time in prison that the government sought in its first allocution, that allocution may not be in total conflict with what the government would be obliged to recommend at a new sentencing. But Roye negotiated for a "clean" government recommendation of an execution—suspended sentence, not a recommendation qualified by a disclosure that the government had—and may still have— misgivings about his release and "really" sought—and may still seek—something else. *Cf. Taylor*, 77 F.3d at 372 (granting request to withdraw plea where government's "breaching statements would still be part of the record available to the [new]

---

**2.** In *Bowler* the Seventh Circuit summarized the options in the following terms:

Where a plea agreement has not been honored by the Government, the fashioning of an appropriate remedy is largely a matter of the exercise of the sound discretion of the court according to the circumstances of each case.... Appropriate relief can include allowing a defendant to withdraw a guilty plea, ...; directing the Government to provide specific performance of a promise, ...; or ordering the imposition of a specific sentence where withdrawal of a guilty plea or specific performance by the Government would be either meaningless or infeasible.

*Bowler*, 585 F.2d at 856 (citations omitted). (As neither Roye nor the government requests imposition of a specific sentence as the remedy for the breach of the plea bargain in this case, we do not propose to discuss the appropriateness of that alternative form of relief in this opinion.)

**3.** *See, e.g., United States v. Saling*, 205 F.3d 764, 767–68 (5th Cir.2000); *United States v. Taylor*, 77 F.3d 368, 372 (11th Cir.1996); *United States v. Cook*, 668 F.2d 317, 321 (7th Cir.1982).

judge on remand").[4]

Although "the court, not the defendant, chooses the remedy," *Kurkculer,* 918 F.2d at 299, the defendant's preference is accorded "considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State." *Santobello,* 404 U.S. at 267, 92 S.Ct. 495 (Douglas, J., concurring). Upon reflection, Roye may well have second thoughts about the wisdom of withdrawing his guilty plea after having already served over four years of his current sentence. The more serious charges against him may be reinstated, and if he is convicted he could receive a longer prison term. In other cases that have come before this court on account of comparable plea agreement violations by the government, the defendants have been satisfied to seek resentencing rather than withdrawal of their pleas, presumably because imperfect specific performance of their agreements was better than the alternative. *See In re C.S. McP.,* 514 A.2d 446,

451–52 (D.C.1986); *White, supra.* Nonetheless, due process of law demands that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello,* 404 U.S. at 262, 92 S.Ct. 495. If the promise cannot be fulfilled, and the deviation is material, the waiver of constitutional rights that a guilty plea represents is invalidated and cannot be enforced. Roye is entitled to withdraw his plea if that is what he wishes to do.

We vacate Roye's conviction and sentence and remand to permit Roye to plead anew.[5]

*So ordered.*

---

4. *See also United States v. Wolff,* 326 U.S.App. D.C. 416, 422, 127 F.3d 84, 90 (1997) (Randolph, J., dissenting) ("The new sentencing judge will probably learn of what the government said (but should not have said) at the initial sentencing and may have as much trouble keeping that information out of mind as would the original sentencing judge.").

5. In view of this disposition, we do not reach the merits of Roye's other contention on appeal, that he was entitled to a hearing on his allegations of ineffective assistance of counsel.