NARCISO RABELL MARTÍNEZ, demandante y apelado, *v.* ALCAIDES CÁRCELES DE PUERTO RICO, demandados y apelantes.

*Número:* O-75-119      *Resuelto:* 22 de septiembre de 1975

*Miriam Naveira de Rodón, Procuradora General, Peter Ortiz, Subprocurador General y Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de los apelantes; *Luis F Abreu Elías y Gregorio Lima,* abogados del apelado.

PER CURIAM: Un agente encubierto plantado en un grupo constituido por los 13 acusados se dedicó a investigar sus actividades, ganó su confianza participando en ellas, y al cabo de 15 meses de investigación prestó declaraciones juradas que con testimonio corroborante de algunos perjudicados sirvieron para determinar causa probable contra los apelados en 158 delitos de robo (atracos a comercios e individuos),

portación de armas, hurto de uso grave, escalamiento, y ataque para cometer asesinato en las fechas comprendidas entre el 12 de julio de 1971 y 9 de octubre de 1972. El agente rendía informes periódicos a sus superiores en la Policía durante el progreso de la investigación. Las declaraciones juradas al fiscal las prestó a los ocho meses de su intervención en el último caso.

Mediante hábeas corpus inpugnaron los acusados la legalidad de su detención cuestionando la credibilidad de la prueba. El juez de instancia acogió el planteamiento y ordenó la libertad de los imputados. El Pueblo apeló según lo autoriza 34 L.P.R.A. sec. 1774 por su Procurador General.

■ La norma que exige del agente encubierto la prestación de una declaración jurada ante el fiscal dentro de un plazo razonable del descubrimiento de los hechos delictivos no está dirigida a encarcelar la investigación criminal en un itinerario congelado. Cuando las circunstancias que rodean la investigación justifican la demora en informar su resultado a los funcionarios de justicia, sin apreciable erosión del derecho a la libertad de los acusados, la eficacia de la investigación no ha de sufrir el acortamiento impuesto por calendario.(1) El grado en que la tardanza se refleje en la confiabilidad del testimonio es materia de credibilidad a adjudicarse en juicio.

■ El hábeas corpus conocida como el Gran Recurso, y subsiguientemente las Reglas de Procedimiento Criminal tienen como propósito la protección de derechos fundamentales del acusado y la obtención para éste de un juicio imparcial, limpio y objetivo. Por regla general dicho propósito no puede invertirse para en vez de garantizar un juicio justo al acusado, negar al Estado el derecho a llevar a juicio

---

(1) 24 L.P.R.A. sec. 2523.

Unicamente para los casos por infracción a la Ley de Sustancias Controladas se ha limitado a 120 horas el citado plazo.

a los delincuentes. A tan indeseable y sorpresivo resultado conducirían algunas mociones respecto a la forma en que operan las salvaguardas procesales.

Toda sociedad civilizada, constituida sobre bases de Derecho, tiene como ideal primario la preservación del orden público y la seguridad de sus integrantes contra los que ponen en peligro su existencia. El juicio justo es el instrumento de esa sociedad para proteger el régimen de ley de sus detractores y ofensores. Basta para honrar el principio, que todo acusado tenga "su día en corte." La civilización tiene maneras de complicar la vida y el procedimiento criminal no ha podido sustraerse a refinamientos ampulosos. Detengámonos un poco a observar su desarrollo exuberante en nuestro país. El acusado en todo delito grave tiene el beneficio de una temprana determinación de causa probable exigida por la Regla 6(a) de Procedimiento Criminal, y de ordenarse denuncia dicha determinación ha de ser confirmada en la vista preliminar dispuesta por la Regla 23 de Procedimiento Criminal, cuyo ámbito ha sido generosamente ampliado (*Hernández Ortega* v. *Tribunal Superior*, 102 D.P.R. 765 (1974). Aún así, y a pesar de que las Reglas jamás intentaron conceder al acusado una apelación contra la determinación de causa probable, de hecho se ha creado tal recurso de apelación al decidir en *Vázquez Rosado* v. *Tribunal Superior*, 100 D.P.R. 592 (1972) (*Per Curiam*) que el Tribunal Superior viene obligado a señalar vista y oír la prueba del acusado en una moción bajo la Regla 64(p) de Procedimiento Criminal[2] que para nada alude en su texto a sufi-

---

[2] Regla 64(p) de Procedimiento Criminal

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . . .

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

ciencia o carencia de prueba sino al hecho escueto de haberse cumplido el paso de previa determinación de causa probable por magistrado. De serle adverso el fallo, recurre en *certiorari* al Supremo y sólo si no prevalece aquí llegará su *tercer día en corte*, que es el juicio. Un procedimiento así de recargado, con la agilidad y apego a las estaciones de un viejo tren mercancía, no responde al diseño fundamental de las Reglas ni a la aspiración a juicio rápido que comparten tanto el acusado puesto en riesgo como la sociedad agraviada. *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974). Al cabo de tantos años de iluminantes desarrollos en nuestro sistema de enjuiciamiento vale preguntarnos en acuciosa exégesis: ¿Tendremos un curso procesal justo tanto para el Estado como el acusado, o una carrera de obstáculos todos los cuales han de ser salvados impecablemente antes de que siquiera pueda iniciarse el juicio con las más estrictas garantías de limpieza?

El presente caso es una muestra de la irresistible tendencia a tolerar el crecimiento frondoso de los recursos procesales sin llegar al "juicio rápido y público" que con profunda reverencia a la libertad y cuidadoso acopio de sus elementos integrantes garantiza nuestra Constitución (Art. II, Sec. 11). [3]

---

[3] Art. II, Sec. 11—Constitución.

"En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia.

"En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos en el cual deberán concurrir no menos de nueve.

"Nadie será obligado a incriminarse mediante su propio testimonio y el silencio del acusado no podrá tenerse en cuenta ni comentarse en su contra.

"Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito.

■ Más adelante en su Art. II, Sec. 13 la Constitución ordena que el auto de hábeas corpus se conceda con rapidez y libre de costas. Pero recordemos que el hábeas corpus es recurso por excelencia de libertad para reivindicarla de la prisión o de la privación ilegal. 34 L.P.R.A. sec. 1741.[4] Expresó el juez en sus conclusiones: "El Agente Erazo Félix declaró en forma adecuada sobre la supuesta ocurrencia de los hechos que le son imputados a los Peticionarios, declaración que cubrió básicamente todos los elementos de los delitos que se le imputaron a los Peticionarios." La encuesta que sobre la legalidad de la prisión o detención lleva a cabo el juez en la vista del hábeas corpus se circunscribe a asegurarse de que se han seguido y observado trámites procesales correctos, ajustados al debido proceso de ley. No se extiende a la apreciación de la prueba al punto de adjudicar credibilidad y sustituir su propio criterio en tal extremo por el del magistrado instructor que halló causa probable. *Hoyos* v. *Tribunal Superior*, 80 D.P.R. 633, 645; *Fernández* v. *Phillips*, 268 U.S. 311, 312. Esa es función propia del jurado o del juez de derecho en el acto del juicio. De lo contrario se estaría instaurando por dictamen judicial, para todo fin práctico, un recurso de apelación contra la determinación de causa probable, proscrito por las Reglas de Procedimiento Criminal. Tal laxitud desnaturalizante del auto abriría el camino a un raudal de solicitudes de hábeas corpus atacando la *credibilidad* de la prueba ofrecida en la vista preliminar para determinación de causa. Nuestras abrumadas salas de justicia habrían de pos-

---

"Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio.

"La detención preventiva antes del juicio no excederá de seis meses. Las fianzas y las multas no serán excesivas. Nadie será encarcelado por deuda."

[4] 34 L.P.R.A. sec. 1741.

"(a) Cualquiera persona que sea encarcelada o ilegalmente privada de su libertad, puede solicitar un auto de hábeas corpus a fin de que se investigue la causa de dicha privación."

tergar los juicios para atender con la preferencia que ordena
la Constitución estos recursos privilegiados donde un juez
tendría que ejercer la función estimativa de la prueba que ya
ejerció otro magistrado y que todavía habrá de repetir el
juzgador de los hechos al llevarse el caso a juicio. Tal acción
por este Tribunal marcaría un retroceso en la administración
de justicia, una contramarcha a la dirección señalada por la
Regla 192.1 de Procedimiento Criminal adoptada precisa-
mente para poner orden en la profusión indiscriminada de
solicitudes de hábeas corpus producidas en masa que malgas-
taban el tiempo útil de nuestros jueces.

El juez de instancia al resolver sobre la solicitud de
hábeas corpus no se conformó con negarle crédito a la prueba
que sostuvo la determinación de causa probable, sino que anti-
cipó que ningún juzgador de hechos o de derecho creería los
testimonios ofrecidos por El Pueblo. Fue más allá de celebrar
una segunda vista preliminar imponiendo sus propios crite-
rios de credibilidad y revocando al juez que había determi-
nado causa probable. Sentenció que nadie podía diferir de su
propia manera de aquilatar la prueba. El Gran Recurso se
convirtió de instrumento de libertad en vehículo de error.
Mientras la culpabilidad sea cuestión mixta de ley y de hecho
sobre la cual hombres honrados pueden diferir no habrá
mejor foro de justicia, tanto para los acusados como la socie-
dad, que el juicio pleno que ordena la Constitución.

La abstención por este Tribunal de escoger entre la adju-
dicación de credibilidad por el juez instructor de causa y la
del juez superior tiene el valor adicional de mantener la im-
parcialidad del juicio que sería gravemente afectada de re-
solver aquí, ahora en hábeas corpus, que es digno de crédito
el testimonio del agente encubierto, tomando posición respecto
a las alternativas que proponen las partes. Su efecto sería
una certificación de credibilidad antes de que el juzgador de
los hechos conozca la prueba en juicio.

■ Las mismas razones de buen orden procesal excluyen de la consideración en hábeas corpus la justificación o ausencia de ella en la demora de un agente encubierto en someter al fiscal bajo juramento los hechos resultantes de su investigación, cuando presta su declaración antes de prescribir el delito. Nuestras decisiones en *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966); *Pueblo* v. *Soto Zaragoza*, 94 D.P.R. 350 (1967); y *Pueblo* v. *Rosario Torres*, 101 D.P.R. 840 (1973), gobiernan la situación de acusados que se sometieron a juicio.

■ Al denegar el hábeas corpus hemos remitido a los acusados a juicio como foro más adecuado para hacer justicia. Considerando, no obstante, que la prueba en su contra consiste principalmente en el testimonio de un agente encubierto quien por un extendido período de dos años penetró la privacidad e intervino con la libertad de los acusados, (*Pueblo* v. *Rosario Torres*, supra, a las págs. 845–6), y de modo que el juicio no vea reducida su función reivindicadora de la verdad alcanzable por los hombres, los apelados deben tener el beneficio de una adecuada fianza que haga viable su derecho a libertad provisional antes del juicio, a tenor de las circunstancias del delito imputado, según ordena la Regla 218 de Procedimiento Criminal, enmendada por la Ley Núm. 139 de 23 de julio de 1974. *Revocada.*

El Juez Presidente Señor Trías Monge concurre en el resultado.