EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS ROLÓN MARXUACH, acusado y apelante.

Número: CR-68-202        Resuelto: 10 de marzo de 1976

*Santos P. Amadeo* y *José Enrique Amadeo,* abogados del apelante; *Miriam Naveira de Rodón, Procuradora General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El acusado fue juzgado por tribunal de derecho y convicto el 15 de febrero de 1968 por los delitos de ataque para cometer asesinato e infracción de los Arts. 6 y 8 de la Ley de Armas. Pronunciado el fallo se produjo la siguiente alocución del juez al Lic. César Andréu Ribas, abogado del apelante:

"HON. JUEZ:

Bien, conocido el fallo por el compañero de la Defensa, quiere llevar al récord alguna cuestión?

DEFENSA:

No. V.H., yo respeto el criterio de S.S. No tengo ningún comentario que hacer. Tenga usted la completa seguridad de que como abogado y en nombre de mi propio representado le tengo que decir a S.S. que este juicio se ha conducido con toda la imparcialidad dándonos todas las oportunidades en ley para presentar y procurar nuestros testigos y aportar la prueba, y que continúo y creo que me moriré teniendo de S.S. la misma opinión que he vertido aquí en el día de hoy." T.E. Tomo III, págs. 132–33.

El 19 de febrero de 1968 el acusado fue sentenciado a penas concurrentes de 1 a 10 años de presidio en el caso de ataque para cometer asesinato, 1 a 5 años en el de Art. 8 de la Ley de Armas, y 1 año de cárcel en el de Art. 6 de la misma ley. Apeló y con ello obtuvo automáticamente el derecho a la transcripción de toda la prueba oral. [1] Como no produjera su alegato después de numerosas prórrogas, desestimamos el recurso por abandono. Un nuevo abogado pidió la reinstalación fundando la petición en la grave enfermedad que durante una parte sustancial de la demora quebrantó la salud del defensor que representó al acusado en el juicio. Atendiendo esa razón y habiéndose traído finalmente moción fundada reinstalamos la apelación y concedimos plazo para alegato. El resultado ha sido decepcionante. El único y solitario señalamiento imputa error al juez de instancia porque no hizo "conclusiones de derecho y de hecho en el caso del acusado-apelante, para justificar que éste era culpable de los delitos que se le imputaron." Pretende la Defensa injertar en nuestro proceso apelativo para casos criminales la práctica seguida en la jurisdicción federal ordenada por su Regla 23(c) que provee: "En juicio celebrado sin jurado el tribunal hará una conclusión genérica [de culpabilidad], y de serle pedidas formulará determinaciones de

---

[1] Aquella situación primitiva fue superada por la Regla 15 del Reglamento del Tribunal Supremo que exige comprobación de la necesidad de dicha transcripción.

hecho especiales . . . ." Wright & Miller, *Federal Practice & Procedure*, Tomo 2, págs. 4 y 14, secs. 371 y 374, ed. 1969; Orfield, *Criminal Procedure under the Federal Rules*, Tomo 3, pág. 2. El señalamiento de error queda suspendido en el aire pues no hay regla que lo sostenga ni solicitud del acusado al efecto. En nuestras Reglas de Procedimiento Criminal no existe disposición que requiera del juez constituido en tribunal de derecho la formulación de determinaciones de hecho. Por tanto su ausencia en el caso en nada afecta la validez del fallo. *Pueblo* v. *Acevedo Colón*, 103 D.P.R. 501 (1975).

El costo social de esta apelación ha sido desproporcionado en horas de servicio público destinadas a la sórdida labor de transcribir 471 páginas de récord inútil enajenando al taquígrafo de otras funciones de provecho y urgencia para la administración de justicia, y en tiempo adicional de funcionarios en los trámites hasta la decisión final. La defensa de acusados debe integrarse sin privilegios a los procesos vitales de la sociedad democrática, sin sacrificarla con recursos estériles. El derroche de tiempo útil en la provisión de justicia justificó plenamente la Regla 15 de nuestro Reglamento y fortalece la corriente reformista que ya apunta hacia una ulterior modificación del proceso apelativo que sujetaría la aceptación del recurso a discreción del tribunal de última instancia, método seguido en el procedimiento civil. Las apelaciones frívolas se encargarán de precipitar la poda de hojarasca exuberante que entorpece el curso procesal. *Cf. Rabell* v. *Alcaides Cárceles de P.R.*, 104 D.P.R. 96 (1975).

*Se modificará la pena impuesta por infracción del Art. 6 de la Ley de Armas reduciéndola a seis meses de cárcel. Ley Núm. 9 de 7 de julio de 1971 (34 L.P.R.A. sec. 1712); Arts. 4 y 12, Código Penal de 1974 (33 L.P.R.A. secs. 3004 y 3044). Así modificada la de cárcel, ésta y las demás sentencias recurridas serán, confirmadas.*