**UNITED STATES of America, Appellee,**

v.

**Kenneth Paul SIMMONS**

**and**

**Melvin Thomas Lawrence, Appellants.**

**Nos. 75–2355, 75–2356.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1976.

Decided July 16, 1976.

Gerald M. Richman, Asst. Federal Public Defender, Baltimore, Md. (court appointed), for appellants.

Daniel M. Clements, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER and CRAVEN, Circuit Judges, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge.

Defendants, having been indicted, pursuant to 18 U.S.C. §§ 2113(a), (b), (d), and (f), on three counts of bank robbery, pled guilty to Count I. They were sentenced to 18 years', instead of the maximum 20 years', imprisonment. Before defendants pled guilty they entered into a bargain which is described as follows by the government at p. 3 of its brief:

"Basically, the Government agreed to dismiss Counts II and III of the indictment at the time of sentencing, thereby limiting the defendants' exposure to twenty years incarceration under Count I. The Government further agreed that in exchange for the defendants' full, complete, and truthful cooperation regarding this bank robbery the Government would, at the time of sentencing, make a recommendation that the Court impose a fifteen-year term of incarceration. After questioning by the Court, the defendants acknowledged and adopted the plea agreement."

After the bargain, FBI agents interviewed defendants. The prosecution determined that defendants had not made full disclosures, and that they had broken their agreement. The government so notified defendants' counsel on August 4, 1975 and said "that the Government was changing the terms and conditions of the plea agreement." September 26, the prosecutors recommended that the District Court should impose upon each defendant with respect to Count I a sentence of 18 years' imprisonment, and should dismiss Counts II and III. Without adequate evidence to support a finding that defendants had broken their plea bargains, the judge imposed sentences of 18 years' imprisonment.

Defendants appeal, contending that to set aside a judicially approved plea bargain, the prosecution may not act unilaterally but that what is requisite is that, on adequate evidence, a judge must find that there has been a substantial breach of the bargain which the court had approved. We agree with that contention, reverse the sentences, direct that the District Court, first, give the government the opportunity to move that that Court set aside the plea bargains on the ground of the respective defendants' alleged breaches, and second, if, after hearing, that Court finds that there was a breach to reinstate the sentences, but if there was no breach to impose such sentences as shall seem just in the light of the bargain and all other relevant factors.

In reaching our conclusions, we are not unmindful that the record does not show that in the trial court defendants or their counsel requested a judicial hearing on the government's right unilaterally or otherwise to have the plea bargains set aside. We have determined that this lapse should not be, as it ordinarily might be, a fatal impediment to defendants' appeal. Because of the gravity of the issue and because it has not previously been adjudicated in this circuit, the situation seems to us exceptional.

On the merits, our view is that in a plea bargain the government's obligation to make a recommendation arises only if defendant performs his obligation (in this instance, full disclosure), but the question whether defendant did in fact fail to perform the condition precedent is an issue not to be finally determined unilaterally by the government, but only on the basis of adequate evidence by the Court which, in accordance with *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), judicially approved the bargain as meeting governing standards. There would be manifest impropriety in permitting the government, without satisfying a judge that the evidence proves that a defendant broke his

* Sitting by designation.

promise, to escape from the obligation the government undertook in the plea bargain. Indeed in *United States v. Brown*, 500 F.2d 375 (4th Cir. 1974) we have already so decided in a case revealing far less of a departure than is involved in the instant case, from the bargain the government made.

*Remanded to the District Court to proceed in accordance with this opinion.*