UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5821

DARRELL K. BROWN, a/k/a Stewart
Tyrone Martin, a/k/a Martin
Stewart, a/k/a Byron McIntyre,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CR-95-46-AW)

Submitted: August 27, 1996

Decided: October 23, 1996

Before RUSSELL, WIDENER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Mark R. Wagner, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Maury Epner, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell K. Brown seeks to appeal the 24-month sentence imposed on him after he pled guilty to conspiracy to commit bank fraud, 18 U.S.C.A. § 371 (West 1966 & Supp. 1996), pursuant to a plea agreement. He contends that the government breached the plea agreement when it failed to recommend a sentence at the low end of the guideline range at his sentencing hearing and requests resentencing with specific performance. We find that the government's breach was triggered by Brown's own failure to honor his obligations under the agreement. Consequently, Brown is not entitled to resentencing and we affirm the sentence.[1]

Brown's plea agreement provided that the government would move for a sentence at the low end of the guideline range. The agreement did not obligate Brown to cooperate; however, it did require that he "not commit any offense in violation of federal, state or local law" between the date of the agreement and his sentencing. The probation officer recommended a guideline range of 18-24 months. However, between the time Brown entered his guilty plea and the date of sentencing, the government became convinced that Brown had lied during plea negotiations when he identified a woman photographed with him making a fraudulent transaction at an ATM machine as a transsexual either dead or dying of AIDS, whom he could not identify or locate. The government presented evidence at the sentencing hearing that the woman was Brown's sister, Regina Brown-Thompson, and asked for an adjustment for obstruction of justice. [2] The district court

_____

[1] Brown's plea agreement contained a provision by which he waived all rights to appeal any sentence imposed unless the district court departed above the guideline range. Because of the parties' mutual breach of the agreement, we find the waiver inoperative.

[2] United States Sentencing Commission, Guidelines Manual § 3C1.1 (Nov. 1994).

declined to make the obstruction of justice adjustment, but expressed its belief that Brown had indeed lied, and sentenced him to a term of 24 months, the top of the guideline range. Apart from arguing for the obstruction of justice adjustment, the government did not make a recommendation concerning the sentence at the hearing. Brown requests resentencing with specific performance under <u>Santobello v. New York</u>, 404 U.S. 257 (1971) (promise which induces guilty plea must be fulfilled).

The government is relieved of its obligations under a plea agreement if the court which accepted the agreement finds that the defendant has failed to carry out his obligation. <u>United States v. Simmons</u>, 537 F.2d 1260, 1261 (4th Cir. 1976). In this case, the district court found that, to conceal his sister's involvement, Brown lied to the government after he signed the plea agreement on May 18, 1995,[3] and continued to lie during the sentencing proceeding. Thus, the government's failure to recommend a sentence at the low end of the guideline range does not require that Brown be resentenced.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____
[3] Brown entered his plea in the district court on June 9, 1995.

3