**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4336

JANETH PARRALES, formerly known
as Carmen Lyndia Martinez,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-152)

Submitted: February 9, 1999

Decided: March 9, 1999

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Robert H. Hale, Jr.,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, John Howarth Bennett,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Janeth Parrales pled guilty to possession of cocaine with intent to distribute and was sentenced to the statutory minimum of 120 months imprisonment. <u>See</u> 21 U.S.C.A. § 841 (West 1981 & Supp. 1998). She seeks resentencing on the ground that the government breached the plea agreement by opposing a sentence under the safety valve provisions of 18 U.S.C.A. § 3553(f) (West Supp. 1998), and <u>U.S. Sentencing Guidelines Manual</u> § 5C1.2 (1997). Because we find that the government breached the agreement, we vacate the sentence and remand for resentencing under the terms of the agreement.

After a traffic stop and consensual search of the van Parrales was driving in September 1997, twenty-seven kilograms of cocaine were discovered in the wheel wells of the vehicle. Parrales was arrested and charged under the name "Carmen Lyndia Martinez." On January 20, 1998, still using the alias, Parrales entered into a plea agreement in which the government agreed that she should receive adjustments for acceptance of responsibility and for having a minor role, and that she was eligible to be sentenced under the provisions of 18 U.S.C.A. § 3553(f) and USSG § 5C1.2--the safety valve provision.**1**

The agreement also provided that, "if the Defendant's conduct prior to sentencing changes the circumstances with respect to any such fac-

_____

**1** The safety valve provision permits a sentence below the mandatory minimum when (1) the defendant has no more than 1 criminal history point; (2) he did not use violence, threats, or a dangerous weapon in the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant did not have an aggravating role and was not engaged in a continuing criminal enterprise; and (5) no later than sentencing, the defendant has truthfully provided to the government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

tors, the Government is no longer bound to its position as to those factors." Just before the Fed. R. Crim. P. 11 hearing, Parrales informed the government of her true name. The government elected to go ahead with the plea agreement. In February 1998, Parrales informed the government that two more kilograms of cocaine were concealed in the van and, at the same time, submitted a statement to the government and the probation officer in which she said that her boyfriend, Ramon Fuentes, had given her the money to buy the van two days before her arrest and had asked her to drive it to New York from Florida, where she lived. She said she knew the van would contain drugs but did not know the amount. She also stated that she had previously bought a car at Fuentes' request for use by Luis Lopez, who was arrested in 1997 in California driving a car registered to Carmen Martinez (Parrales' alias) in which police found thirty kilograms of cocaine.

Parrales had no prior convictions. However, she had pending drug charges from 1992 under her real name in New Jersey. During preparation of the presentence report, the probation officer also learned through a fingerprint check that Parrales had a pending charge for shoplifting in California in 1994 under another alias (Sylvia Rodriguez) for which she had failed to appear. Because Parrales had appeared in court under a false name, but had also voluntarily disclosed her true name and criminal history (with the exception of the pending shoplifting charge), the probation officer recommended that she should receive adjustments for both acceptance of responsibility adjustment and obstruction of justice.

At sentencing, the government made no objection to the probation officer's recommendations, but argued against sentencing Parrales under the safety valve provision. First, the government attorney said he was not sure she had provided all the information she could. Later, he abandoned this position and argued that, even assuming she had provided all the information she had, the safety valve reduction was simply incompatible with an obstruction of justice adjustment. As a result, Parrales received the mandatory minimum sentence of 120 months.[2]

_____

[2] Had the district court applied the safety valve provision, Parrales' offense level would have dropped from 31 to 29, see USSG § 2D1.1(b)(6), and her guideline range would have been reduced from 108-135 months to 87-108 months. The court would have been able to impose sentence below the statutory minimum of 120 months.

3

Because the government's alleged breach of the plea agreement is raised for the first time on appeal, the issue is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). A guilty plea is invalidated if the prosecutor's promises are not carried out, because the plea is then involuntary. See Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Peglera, 33 F.3d 412, 413-14 (4th Cir. 1994). A clear breach of this kind constitutes plain error which requires that the defendant be resentenced before a different judge. See McQueen, 108 F.3d at 66-67; Peglera, 33 F.3d at 415.

Here, the government failed to stand by its agreement that Parrales was eligible to be sentenced under the safety valve provision and failed to show that her conduct between the entry of the guilty plea and the sentencing hearing changed the circumstances with respect to this factor. While a defendant has the initial burden of proof to show that he is eligible for the safety valve reduction, see United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996), the government's stipulation that Parrales was eligible relieved her of this burden. It then became the government's burden to show that she had provided incomplete or inaccurate information. See United States v. Shrestha, 86 F.3d 935, 940 (9th Cir. 1996). This the government did not do.

The government argues on appeal that Parrales' conduct after her guilty plea changed the circumstances in that she failed to disclose that she had a pending California shoplifting charge under another alias, and she failed to disclose the additional two kilograms of cocaine hidden in the van during plea negotiations. We find that neither of these facts was sufficient to release the government from its obligation under the plea agreement.

First, § 5C1.2(5) requires a defendant to truthfully provide to the government all he knows about "the offense or offenses that were part of the same course of conduct or of a common scheme or plan" as the offense of conviction. See 18 U.S.C.A. § 3553(f); USSG § 5C1.2(5). The government did not argue that the shoplifting charge was part of the instant offense or connected to it, nor does the government make this argument on appeal, and no connection is apparent from the information in the presentence report.

4

Second, Parrales' disclosure of the additional two kilograms of cocaine after she entered her guilty plea and at the same time she submitted her statement to the government did not violate her responsibility to tell the government all she knew about the offense. Rather, it appears to have been an attempt to comply with the agreement.

The government maintains that this case is distinguishable from Peglera and United States v. Simmons, 537 F.2d 1260, 1261 (4th Cir. 1976), on which Parrales also relies, because the plea agreement gave the government "the power to determine whether or not the defendant's conduct warrants a change in the Government's position." However, neither at sentencing nor on appeal has the government provided a justifiable basis for changing its position on whether Parrales qualified for the safety valve reduction.

The remedy for a government breach of the plea agreement is to resentence the defendant before a different district court judge so that he may have the benefit of his bargain. See McQueen, 108 F.3d at 66-67. Because the government failed to honor its obligation under the plea agreement, we vacate the sentence and remand for resentencing before a different judge. On resentencing, the government must keep the promise made in the agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5