**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4188**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

THOMAS PATRIC BOGGS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.   Norman K. Moon, Senior District Judge.  (6:13-cr-00015-NKM-1)

———————

Submitted:  September 30, 2014        Decided:  October 3, 2014

———————

Before DUNCAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Patric Boggs appeals from his 57-month sentence imposed pursuant to his guilty plea to wire fraud. On appeal, he contends that the Government breached his plea agreement by failing to move for an adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2013). Finding no breach, we affirm.

Boggs' plea agreement provided that, while the Government believed that the amount of loss for Guidelines purposes exceeded $200,000, Boggs reserved the right to argue that the loss amount was less than $200,000. In addition, the Government agreed to recommend that the district court grant a reduction for acceptance of responsibility if Boggs complied with his obligations under the plea agreement and accepted responsibility for his conduct. Boggs stipulated that, if he failed to accept responsibility for his conduct, he would not receive credit for acceptance of responsibility.

The probation officer prepared a presentence report ("PSR") concluding that Boggs had not satisfied the requirements for an adjustment for acceptance of responsibility. Specifically, the PSR relied on a statement submitted by Boggs, through counsel. In that statement, Boggs stated the he "did not mean to commit a fraud." Rather, he "just didn't realize that [the victim's] continued investment in our business was

2

contingent on his belief that he had already made a profit." The PSR concluded that Boggs did not truthfully admit or had falsely denied the conduct comprising the offense of conviction and his relevant conduct.

At sentencing, Boggs challenged both the loss amount and the failure to give an acceptance of responsibility reduction. As to the loss argument, Boggs averred that the amount of loss should not encompass funds that were actually invested in Dynamo, a company owned by Boggs' wife. Boggs argued that, while he did not intend to defraud the victim at the outset of the scheme, he was nonetheless guilty because he did not do with the money what he was supposed to do. Boggs distanced himself from the statement he gave the probation officer, and his counsel stated that, if the written statement submitted by Boggs to the probation officer did not accept complete responsibility, that was her fault as she had worded the statement.

After hearing testimony from the victim, Boggs, and others, the district court ruled that, while Boggs had a right under the plea agreement to argue and put on a truthful case about the amount of loss, he did not have a right to commit perjury and put on a false case. The court found Boggs' statement to the probation officer to be "unbelievable" and noted that the court knew Boggs' counsel "well enough to know

3

[that she] didn't misrepresent . . . anything." The court overruled Boggs' objections, finding that the loss amount was over $200,000, that Boggs' objections to this loss amount and his relevant conduct were frivolous, and that Boggs was not entitled to an acceptance of responsibility adjustment. Boggs' Guidelines range was 46 to 57 months in prison. The court imposed a sentenced of 57 months.

Boggs now asserts that his admissions should have been sufficient to satisfy the requirements for acceptance of responsibility. Because he reserved the right to contest the loss amount, he contends that his arguments that part of the money was legitimately invested in Dynamo or elsewhere should not have excused the Government from moving for an acceptance of responsibility credit. Boggs also argues that the acceptance of responsibility provision in the plea agreement is ambiguous as there are no specifics as to how to decide whether or not Boggs properly accepted responsibility.

Plea agreements are grounded in contract law, United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006), and the Government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). When interpreting a plea agreement, we enforce the agreement's "plain language in its ordinary sense." United States v. Jordan, 509 F.3d 191, 195 (4th Cir.

4

2007) (internal quotation marks omitted). Where the terms of an agreement are ambiguous, they must be construed against the Government. United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986). However, the Government will not be bound to promises it did not make. United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986). Boggs bears the burden of establishing a breach of his plea agreement by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000).

As noted by the district court and the probation officer, Boggs' frivolous objections to the loss amount, his written statement, and his testimony at sentencing all exhibited an effort to justify or explain away at least part of his criminal conduct, and were thus inconsistent with an acceptance of responsibility. See United States v. May, 359 F.3d 683, 694 (4th Cir. 2004) (efforts to minimize role in offense and explain away conduct are inconsistent with acceptance of responsibility). Contrary to Boggs' assertions, the Government did not withhold its recommendation based on Boggs' reserved right to challenge the loss amount. Instead, Boggs' failure to honestly and fully accept responsibility released the Government from any requirement to make such a recommendation. Boggs' actions were inconsistent with acceptance of responsibility, and

5

he did far more than simply object in good faith to the loss amount.

Moreover, the plea agreement's treatment of the acceptance of responsibility reduction was not ambiguous: the Government's agreement to move for a reduction was based upon the requirement that Boggs "accept responsibility for [his] conduct." Boggs' attempts to minimize his culpability by stating repeatedly that he did not intend to defraud the victim at the outset of the scheme, without presenting any credible evidence to support his assertions, undermined any argument that Boggs appropriately accepted responsibility. Moreover, Boggs failed to present any credible evidence to contradict the facts presented in the PSR that Boggs made "no legitimate investments" with the victim's money. Finally, both the probation officer and the district court easily concluded that Boggs failed to accept responsibility, which is further evidence the term is not ambiguous.

While Boggs' argument finds support in United States v. Peglera, 33 F.3d 412 (4th Cir. 1994) (holding that objecting to Guidelines' calculations as specifically reserved in the plea agreement is not a breach of the plea agreement, even if the objection is overruled, and thus, Government is not released from obligation under the agreement to move for acceptance of responsibility), we conclude that the cases are

6

distinguishable. First, Boggs did more than simply argue the loss amount in the manner he predicted at the Rule 11 hearing. While his arguments at sentencing were all arguably related to the loss issue, Boggs also denied fraudulent intent for a large portion of his conduct. At his plea hearing, Boggs averred that he would be presenting documentary evidence showing that the victim authorized investment of some of his funds in Dynamo and authorized some of Boggs' expenditures. However, instead, Boggs presented only one piece of documentary evidence (that was of very limited relevance)[1] and then proceeded to contend that he lacked fraudulent intent as to a substantial portion of the victim's funds. This testimony contradicted the PSR and the Government witnesses at sentencing and was found to be not credible by the district court. As Boggs' conduct exceeded his reserved rights, Peglera does not control this case.[2]

---

[1] Even if some of the victim's money was sent to Dynamo, there is no evidence as to whether that money was "invested" with Dynamo or instead whether the payments were a loan, a gift, or used to pay personal expenses. Moreover, it appears that, even without the disputed Dynamo payments, the loss was over $200,000, rendering Boggs' loss argument entirely frivolous.

[2] In addition, Peglera's plea agreement was stricter than Boggs'. Peglera's agreement required a three-level acceptance of responsibility reduction absent "changed circumstances due to defendant's conduct." Peglera, 33 F.3d at 413. In contrast, Boggs' acceptance of responsibility reduction was conditional on Boggs' acceptance of responsibility for his conduct.

Based on the foregoing, we find that Boggs failed to accept responsibility for his criminal and relevant conduct, and the Government, therefore, did not breach the plea agreement. Accordingly, we affirm Boggs' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED