**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4461**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

CALVIN MARK WILSON, a/k/a Bali,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:17-cr-00053-BO-1)

Submitted: November 2, 2020                 Decided: January 25, 2021

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Harris wrote the opinion, in which Judge Wynn joined. Judge Quattlebaum wrote an opinion concurring in the judgment.

Anne M. Hayes, Cary, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

As part of its plea agreement with Calvin Mark Wilson, the government agreed to advocate for a sentence reduction based on acceptance of responsibility. But just before sentencing, the government asked the district court to relieve it of that obligation because, in its view, Wilson had breached the plea agreement already. When the district court did not rule on its motion, the government went ahead on its own and did not argue for the downward adjustment at sentencing.

On appeal, Wilson argues that the government breached the plea agreement when it failed to argue for an acceptance-of-responsibility reduction. We agree. As we have held, the government cannot unilaterally declare itself released from its plea-agreement obligations based on a defendant's alleged breach. Because the government – as it concedes – failed to secure a court determination of breach in this case, it remained bound by the plea agreement and breached that agreement when it chose not to argue for an acceptance-of-responsibility adjustment. Given that breach, we vacate Wilson's sentence and remand for resentencing before a different district court judge, as is standard in such cases.

## I.

### A.

In November 2018, Calvin Mark Wilson signed an agreement in which he pled guilty to two offenses related to possession and intent to distribute marijuana and heroin. In exchange, the government agreed to dismiss one other count on which Wilson had been

charged, and stipulated to several sentencing "positions." J.A. 152. Most important here, the government agreed that a three-level downward adjustment for acceptance of responsibility was warranted under § 3E1.1 of the Sentencing Guidelines.[1] And in another key provision, the parties stipulated that the drug quantity attributable to Wilson for sentencing purposes would be "[a]t least 3 kilograms but less than 10 kilograms of heroin." J.A. 152. A few weeks after Wilson signed the agreement, the district court accepted his guilty plea.

A probation officer then prepared a preliminary presentence investigation report (PSR) for Wilson. The PSR held Wilson accountable for approximately 7.48 kilograms of heroin, within the parties' agreed-upon range, putting Wilson's base offense level at 32. It also recommended several sentencing enhancements, including a two-level enhancement for obstructing justice – which, the PSR suggested, might make any reduction for acceptance of responsibility inappropriate. Without credit for acceptance of responsibility, and after accounting for all enhancements, the preliminary PSR identified Wilson's offense level as 43 and his criminal history score as IV, with a resulting guideline sentencing recommendation of life imprisonment.

Wilson filed written objections to the PSR. The only objections relevant here were to Paragraphs 19 and 20 of the PSR, which attributed less than .2 kilograms of heroin to

---

[1] Specifically, the agreement provided that "[a] downward adjustment of 2 levels for acceptance of responsibility is warranted under USSG § 3E1.1, unless the offense level determined prior to the operation of USSG 3E1.1(a) is level 16 or greater, in which event a downward adjustment of 3 levels is warranted." J.A. 153. As the parties agree, because Wilson's offense level was 43, this stipulation called for a three-level reduction.

3

Wilson based on drug sales dating back to 2015. Wilson did not object to Paragraph 23, which deemed him accountable for over seven kilograms of heroin. Nor did he object to the summarizing information in Paragraph 64, which held him accountable for a total of about 7.48 kilograms of heroin and established his base offense level.

The day after Wilson's submission, the government filed a letter stating that it had "no objections" to the PSR. J.A. 186. Consistent with the plea agreement, the government reiterated that Wilson had accepted responsibility and advised the district court that the probation officer, in a final PSR to follow, "intends to include a three-point reduction for acceptance of responsibility." J.A. 186. Shortly after, the probation officer filed a final PSR, virtually unchanged but for the inclusion of a three-level sentencing reduction for acceptance of responsibility. That reduction brought Wilson's guideline sentencing range down to 360 months to life imprisonment.

Then, four months after Wilson filed his objections to the PSR and five days before Wilson's sentencing hearing, the government filed a motion for "relief from certain obligations under [its] plea agreement." J.A. 218. In the government's view, Wilson materially breached the plea agreement when he objected to a drug-weight attribution to which he already had stipulated. Accordingly, the government asked the district court to find, by a preponderance of the evidence, that Wilson was in breach of the agreement, and then, based on that finding, to relieve the government of its obligation to advocate for acceptance of responsibility. The government clarified, however, that it would withdraw its motion if Wilson were to "withdraw his objection to the drug weight." J.A. 223.

4

**B.**

Five days later, the district court held Wilson's sentencing hearing as planned. The government addressed its motion, reiterating its position that Wilson breached the plea agreement by objecting to drug weights to which he had stipulated. The government again explained that the court could relieve it of its obligation to argue for an acceptance-of-responsibility reduction, *if* the court first found by a preponderance of the evidence that Wilson was in breach of the agreement. J.A. 78 ("If the Court finds by a preponderance of the evidence that [Wilson] is in breach of the plea agreement, you can allow us out of our obligation . . . ."). And it again made clear that it was prepared to argue for acceptance of responsibility – notwithstanding the enhancement for obstruction of justice – if Wilson withdrew his objection to the drug-weight calculation.

In response, Wilson argued that he had not and never intended to object to the drug weight to which he had stipulated. J.A. 79 ("[T]he objection is not to the drug quantity. He has stipulated to 3 to 10 kilos. We're not backing off that."). Instead, Wilson explained, his "one objection" was to the "timeline" suggested in Paragraphs 19 and 20 of the PSR, which had Wilson's drug-related activities going "all the way back to 2015" rather than starting in 2017. J.A. 79. The quantities in those paragraphs, Wilson pointed out, "might add up to 100 grams," whereas Wilson had *not* objected to the paragraphs attributing to him the approximately 7 kilograms that set his offense level. J.A. 80.

As the parties agree, the district court never ruled on the government's motion for relief from its plea-agreement obligation or made a finding that Wilson had breached the agreement. Appellee's Br. 4, 20, 21, 28–29; Appellant's Br. 3, 9, 12. Instead, the district

5

court suggested that if Wilson had obstructed justice, as per the PSR, then that would foreclose any downward adjustment for acceptance of responsibility, regardless. But the government clarified that this was not the case: Wilson's obstructive conduct predated the plea agreement in which it had stipulated to acceptance of responsibility, the government explained, so if it remained bound by that agreement, it could and would argue that this was a case in which both an obstruction enhancement and an acceptance-of-responsibility reduction were appropriate.

When it came time for sentencing, however, the government did not advance that argument. Again, this is undisputed: The government never advocated for a downward adjustment for acceptance nor argued that the court should find that adjustment compatible with the enhancement for obstruction. Without those arguments before it, the district court denied Wilson a reduction for acceptance of responsibility, "because of the obstruction of justice and the lack of acceptance of any responsibility in this case." J.A. 126.

Without the reduction, the court calculated Wilson's sentencing guideline range as life imprisonment, consistent with the original PSR. Before the court imposed a sentence, Wilson again objected and asked the court to adjust his sentencing range for acceptance of responsibility, pointing out that his obstruction was known to the government at the time the parties stipulated to acceptance in the plea agreement. The court declined. The government then recommended a sentence of "nothing less than 30 years," J.A. 130, and the district court sentenced Wilson to 35 years' imprisonment.

## II.

On appeal, Wilson contends that the government breached its plea agreement by failing to argue for a sentence reduction based on acceptance of responsibility. "[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). Although we use traditional contract-law principles to construe a plea agreement, we apply "greater scrutiny" than in the commercial context, given the implications for a defendant's constitutional rights when he is induced to plead guilty. *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016) (citation omitted). When a defendant raises on appeal a meritorious and preserved claim of breach, the remedy is automatic vacatur of the defendant's sentence. *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971); *see also Puckett v. United States*, 556 U.S. 129, 141 (2009).

The parties agree that Wilson preserved for appeal his argument that the government breached the plea agreement. The parties also agree that the government did not argue for the stipulated acceptance-of-responsibility credit. The upshot, as detailed below, is that Wilson has demonstrated a breach of his plea agreement, and we therefore vacate his sentence and remand for resentencing.

### A.

We begin with preservation. Wilson contends that he preserved his breach argument before the district court, and the government expressly agrees. *See* Appellant's Br. 14–15; Appellee's Br. 29 (explaining that this appeal involves "a preserved claim of an alleged breach of a plea agreement by the government"); *see also id.* at 21. The parties are correct.

7

Most plainly, at the sentencing hearing before the district court, both parties brought the plea agreement to the district court's attention, with Wilson opposing – at length – the government's motion for relief from its obligation to advocate for acceptance of responsibility. According to Wilson, he had not breached the agreement, and the government therefore had no excuse for failing to argue for a downward adjustment for acceptance of responsibility. That was enough to "alert the district court" of Wilson's view that the government remained obligated to argue for acceptance of responsibility and would be in breach if it failed to do so. *See CoreTel Va., LLC v. Verizon Va., LLC*, 808 F.3d 978, 988 (4th Cir. 2015) (citation omitted).

And if more were needed, Wilson also objected when the district court denied a reduction for acceptance of responsibility, pointing to the government's obligations under the plea agreement. Wilson emphasized that the plea agreement "specifically contemplated" that "acceptance of responsibility would be allowed" and advised the court that this promise was a "driving factor for accepting the plea." J.A. 127–28. Wilson may not have used the word "breach," but the import was plain: The government denied him the benefit of his bargain under the plea agreement when it failed to make the case for an acceptance-of-responsibility reduction. Wilson's arguments before the district court, in other words, were "specific and in line" with the argument he raises on appeal, and as the

8

government recognizes, that is enough to preserve it for review. *See In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014).[2]

**B.**

Turning to the merits of Wilson's argument, we find this appeal straightforward, mostly because so much of it is undisputed. The government concedes that under the terms of the plea agreement, it was required to advocate for a three-level reduction in Wilson's sentencing range for acceptance of responsibility. It also concedes – as the record requires – that it did not do so. It is not disputed, in other words, that if the plea agreement remained binding on the government at the time of Wilson's sentencing, then the government breached that agreement.

That brings us to the government's sole argument on appeal: that it was freed from its obligations under the plea agreement because Wilson breached first, by objecting to drug attribution quantities to which he had stipulated. But the government cannot decide for itself that it is released from its promises due to a defendant's alleged breach. *See United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) (holding that government may not "unilaterally" determine that defendant has breached plea agreement). Rather, the government may be relieved of its obligations under a plea agreement only after a hearing

---

[2] Were there doubt on this score, we would exercise our discretion to excuse any waiver by Wilson. We have in the past used our discretion to overlook a defendant's waiver when the government waits until the last minute to raise the issue. *See United States v. Ashford*, 718 F.3d 377, 380 (4th Cir. 2013). Here, of course, the government has not simply failed to argue for waiver; it has conceded expressly and repeatedly that Wilson properly preserved his argument. Under those circumstances, the "interests of fairness" dictate that we take the case as the government has presented it to us. *Id.* at 381.

and a *district court* finding that the defendant has breached. *See id.*; *see also*, *e.g.*, *United States v. Cudjoe*, 534 F.3d 1349, 1354 (10th Cir. 2008) (holding that even if the defendant "breached the plea agreement, until the district court so ruled, the government was not released from its promise" under the agreement); *United States v. Frazier*, 213 F.3d 409, 419 (7th Cir. 2000) (same); *United States v. Brown*, 99 F.3d 1131 (4th Cir. 1996) (per curiam) (unpublished table decision) ("The government is relieved of its obligations under a plea agreement if the court which accepted the agreement finds that the defendant has failed to carry out his obligations."). Indeed, we cannot much improve on the government's formulation of this well-established principle in its motion before the district court, stating that it would seek the *court*'s permission to be relieved of certain plea-agreement obligations *if* the court found, by a preponderance of the evidence, that Wilson had breached the agreement first.

The problem for the government is that the district court did not make that finding. Again, this is not disputed; the government forthrightly concedes that the district court never ruled on its motion. And a review of the record confirms that the parties are correct: The district court issued no ruling on the government's motion and made no mention of relieving the government of its plea-agreement obligations. The court did, of course, deny Wilson an acceptance-of-responsibility reduction, citing Wilson's obstruction of justice. But a denial of acceptance-of-responsibility credit is not tantamount to a finding of breach, and the district court's apparent rationale for the denial – Wilson's enhancement for obstruction of justice – has nothing to do with whether Wilson breached the agreement by objecting to certain drug attribution calculations, as the government contended.

10

That is enough to resolve this appeal. Because the district court did not relieve the government of its obligations under the plea agreement, the government remained bound to honor its acceptance-of-responsibility stipulation in full, and its conceded failure to do so constituted a breach. *See United States v. Edgell*, 914 F.3d 281, 288 (4th Cir. 2019). The government of course is correct, as it argues at length, that it did not breach the plea agreement simply by moving in the district court to be excused from its obligations – and, to be clear, the defendant has never argued that it did. The problem is not that the government sought the district court's permission to be freed of its plea-agreement obligations; the problem is that when that permission was not forthcoming, the government went ahead without it, turning what is supposed to be a court finding of defendant breach into a unilateral decision by the government that it need not abide by its promises. *See Simmons*, 537 F.2d at 1261.[3]

---

[3] The government's defense of its failure to abide by the plea agreement rests entirely on Wilson's alleged breach of that agreement. This is not a case, in other words – and we do not understand the government to argue otherwise – in which a plea agreement allows the government to make its own determination, at sentencing, as to whether a defendant has fully accepted responsibility. The plea agreement does provide that conduct by the defendant prior to sentencing that "changes the circumstances" relevant to an agreed-upon sentencing factor will leave the government "no longer bound" to its positions. J.A. 152. But whether the defendant has engaged in such conduct, effectively breaching the agreement, is precisely the question reserved for the district court. And when it comes to acceptance of responsibility, the agreement's stipulations commit the government unreservedly to the position that a "downward adjustment . . . for acceptance of responsibility is warranted." J.A. 153. That unqualified statement is distinct from language that would make the government's obligation "conditional" on its future assessment of a defendant's acceptance. *See United States v. Boggs*, 584 F. App'x 130, 132 n.2 (4th Cir. 2014) (per curiam); *see also United States v. Chase*, 466 F.3d 310, 312–14 (4th Cir. 2006). In the absence of such a conditional term, the government must

11

The government's response – that the record "amply demonstrates" Wilson's breach, Appellee's Br. 28 – misses the mark. For one thing, it is not obvious that Wilson's objections to certain paragraphs of the PSR violated the parties' stipulation to a drug weight of between three and ten kilograms of heroin. Those objections were submitted in writing *before* the government confirmed to the district court that it continued to support an acceptance-of-responsibility reduction, and they left unchallenged the key PSR paragraph describing over seven of the 7.48 total kilograms of heroin attributed to Wilson. Moreover, Wilson confirmed at sentencing that he stood by the agreement's stipulation and had objected only to the timeline laid out in the relevant paragraphs. And while the record is not clear as to how that explanation was received, it is possible that the district court believed the government was satisfied, and no longer was pursuing its motion.

More fundamentally, of course, whether the record supports a finding that Wilson breached his plea agreement is a matter to be resolved by a court before the government is freed of its obligations, not after the government reneges. Regardless of whether Wilson breached the agreement, the government remained bound by its terms unless and until the district court determined otherwise. Because the government, as it concedes, did not comply with those terms, Wilson is entitled to relief. And because Wilson does not seek withdrawal of his guilty plea but only "the lesser relief of specific performance of the agreement," we honor that election and remand with the direction that the defendant be

advocate for a reduction to which it stipulates, unless a court finding relieves it of that duty. *See United States v. Peglera*, 33 F.3d 412, 414 (4th Cir. 1994).

12

resentenced by a different judge. *Edgell*, 914 F.3d at 291 (citation omitted); *see id.* at 291 n.5 ("When specific performance is elected by a defendant, resentencing always takes place before a different judge."). On resentencing, the government, if it wishes, may raise with the district court any ground that it believes would relieve it of its plea-agreement obligations with respect to acceptance of responsibility.

## III.

For the foregoing reasons, we vacate Wilson's sentence and remand for resentencing before a different district court judge.

*VACATED AND REMANDED*

QUATTLEBAUM, Circuit Judge, concurring in the judgment:

I join in the majority's conclusion that Wilson's sentence must be vacated and the matter be remanded for resentencing. I write separately, however, to explain that my agreement rests largely on the fact that the government agrees that Wilson preserved the issue of whether the government breached the plea agreement. While the question is close, I do not believe Wilson preserved the issue below.

As the majority ably notes, most of the facts here are not in dispute. The government agreed in the plea agreement to argue in favor of a downward adjustment based on acceptance of responsibility. The government then moved to be relieved of its obligation to argue for such an adjustment, which Wilson, in turn, opposed. Without ruling on the government's motion, the district court pivoted to a separate but related issue—was Wilson entitled to a downward adjustment for acceptance of responsibility if he also obstructed justice? The district court indicated its belief that obstruction would bar an acceptance-of-responsibility reduction, heard testimony and found obstruction by a preponderance of evidence. The district court thus gave Wilson no reduction for acceptance of responsibility.

Admittedly, the parties at that point were in a bit of a pickle. The district court, of course, was not bound by the plea agreement. And it was entitled to deny a reduction for acceptance of responsibility because of Wilson's obstruction of justice.[*] So the issue of

---

[*] Application Note Four to Section 3E1.1 of the United States Sentencing Guidelines states: "Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both [obstruction] and [acceptance of responsibility] may apply."

14

whether the government should be relieved of its obligation under the plea agreement to argue for a downward adjustment was, for the most part, water under the bridge. Perhaps for that reason, as the majority notes, the government did not argue for the downward adjustment. But likewise, Wilson did not argue that the government breached the plea agreement by failing to make that argument. Without being pressed by either party, the district court did not return to the government's motion to be relieved of its responsibilities under the plea agreement. Thus, we are now in an unusual position. We must review the government's conduct, not a decision by the district court. And while perhaps all parties share responsibility for that situation, Wilson nonetheless bore the obligation to object to the government's breach of the plea agreement. Because he failed to do so, I believe the issue is unpreserved.

And whether the issue was preserved would make all the difference. If it was, as the majority notes, vacatur is required. *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971). But if it was not, we review for plain error, *Puckett v. United States*, 556 U.S. 129, 140–43 (2009), which requires a showing of prejudice that Wilson almost certainly would be unable to make.

That brings us full circle to the government's concession that Wilson preserved the issue. On the one hand, we have held that standards of review cannot be waived. *See*

---

The district court's language on this issue made the impact of obstruction on acceptance of responsibility more absolute than the guidelines suggest. But there is nothing about the record to suggest this would be one of the extraordinary cases to depart from the general rule.

*Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 286 (4th Cir. 2018) ("[A]s our sister circuits have held, parties cannot waive the proper standard of review by failing to argue it." (internal quotation marks omitted) (citations omitted)). On the other, we have declined to apply plain error review when "the government itself failed to raise any such argument in its opening brief." *United States v. Ashford*, 718 F.3d 377, 380 (4th Cir. 2013). And here the government affirmatively agrees that Wilson preserved the issue. Under these circumstances, I agree with the majority that "the 'interests of fairness' dictate that we take the case as the government has presented it to us." Maj. Op. at 9 n.2 (quoting *Ashford*, 718 F.3d. at 381).

 For these reasons, I concur in the judgment.