**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4244**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

PHI VAN NGUYEN,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:15-cr-00350-LMB-1)

Submitted:  November 17, 2021          Decided:  December 6, 2021

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Daniel T. Young, Assistant United States Attorney, James L. Trump, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phi Van Nguyen pleaded guilty—pursuant to a written plea agreement with the Government—to a drug conspiracy offense, in violation of 21 U.S.C. §§ 841(a)(1), 846. In exchange for Nguyen's guilty plea, the Government agreed to request an additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2018), if two conditions were satisfied: (1) Nguyen qualified for an initial two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and (2) Nguyen's offense level prior to that two-level reduction was 16 or greater.

At the final sentencing hearing, the Government did not request the additional one-level reduction under USSG § 3E1.1(b), despite the district court's determination that the aforementioned conditions were satisfied. The Government explained that it would not honor its promise in the plea agreement because it believed that Nguyen had breached the agreement, and because the agreement provided that, in the event of Nguyen's breach, the Government was excused from performance. The district court declined to decide whether Nguyen had breached the plea agreement and also refused to order the Government to move for an additional one-level reduction under USSG § 3E1.1(b). The district court then sentenced Nguyen to 87 months' imprisonment.

Nguyen appealed and argued before us that the Government had breached the plea agreement when it did not move for an additional one-level reduction under USSG § 3E1.1(b). In response, the Government moved this court to remand to the district court for it to make a finding on the Government's claim that Nguyen had breached the plea agreement and that the Government was thus relieved of any obligation to request an

2

additional one-level reduction. The Government asserted that the district court could resentence Nguyen after making a finding on that claim.

After considering the parties' positions, we ordered a limited remand to the district court for the purpose of determining whether Nguyen had breached the plea agreement, and we otherwise deferred action on the Government's motion. On remand, the district court did not follow our order. That is, the district court entered a Response to Remand that declined to make a finding as to whether Nguyen had breached the plea agreement. The record as supplemented has now been returned to this court, and the parties have filed supplemental briefs. For the reasons that follow, we vacate Nguyen's sentence and remand for resentencing before a different district judge.

Our analysis begins with the proper standard of review. Nguyen asserts that he preserved his argument that the Government breached the plea agreement while the Government contends that he did not and that we should therefore review Nguyen's argument for plain error only. We are satisfied that Nguyen preserved his breach argument by asserting before and during the final sentencing hearing that he had not breached the plea agreement and that he was thus entitled to an additional one-level reduction for acceptance of responsibility. *See United States v. Wilson*, 841 F. App'x 571, 574-75 (4th Cir. 2021) (No. 19-4461) (argued but unpublished) (concluding that defendant preserved argument that Government breached plea agreement in nearly identical circumstances). We therefore reject the Government's request to apply plain error review.

Typically, we would review a preserved claim "that a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for

3

clear error, while reviewing the district court's application of principles of contract interpretation de novo." *United States v. Bowe*, 257 F.3d 336, 343 (4th Cir. 2001). We observe, however, that the posture of this case is unusual in that the district court has given us no pertinent factual findings or legal conclusions to review. Accordingly, we are constrained to consider Nguyen's argument that the Government breached the plea agreement on the record as it stands and without aid from the district court.

With our standard of review so understood, we agree with Nguyen that—on the current record—the Government has breached the plea agreement. The plea agreement obliged the Government to move for an additional one-level reduction for acceptance of responsibility if two conditions were satisfied, and both of those conditions were met. The Government was thus required to request the additional one-level reduction unless and until the district court found that Nguyen had breached the plea agreement. *See Wilson*, 841 F. App'x at 575 ("[T]he government cannot decide for itself that it is released from its promises due to a defendant's alleged breach. Rather, the government may be relieved of its obligations under a plea agreement only after a hearing and a *district court* finding that the defendant has breached." (citation omitted)); *United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) (explaining that Government may not "unilaterally" determine that defendant has breached plea agreement). Because the district court never made such a finding, the Government was required to move for the additional one-level reduction.[1]

_____

[1] Insofar as the Government asserts that the district court implicitly found that Nguyen had breached the plea agreement when it refused to order the Government to move for an additional one-level reduction, we are unconvinced. Indeed, the Government itself

On this record, we are thus satisfied that the Government has breached the plea agreement. Given that Nguyen has elected specific performance of the plea agreement rather than asked to withdraw his guilty plea, we conclude that it is appropriate to vacate Nguyen's sentence and remand for resentencing before a different district judge.[2] *See United States v. Warner*, 820 F.3d 678, 685 (4th Cir. 2016) (discussing remedies for breach of plea agreement). The Government will remain free to argue at Nguyen's resentencing hearing that it should be relieved of its obligation to recommend an additional one-level reduction under USSG § 3E1.1(b). *Wilson*, 841 F. App'x at 577; *cf. Simmons*, 537 F.2d at 1261 (vacating defendants' sentences and remanding for district court to address

has recognized in these proceedings that implicit findings of breach are disfavored. *See United States v. Guzman*, 318 F.3d 1191, 1196-97 (10th Cir. 2003) (declining to adopt Government's argument that district court implicitly found breach of plea agreement). Moreover, the district court has twice declined to making a finding on the breach issue, so the assertion that the court has somehow made an implicit finding on that issue is dubious.

[2] In its supplemental brief, the Government has asked us to either (1) affirm the amended criminal judgment because the Government did not breach the plea agreement and, even if it did, any sentencing error resulting from its breach is harmless, or (2) again remand to the district court for additional fact finding. Regarding the former request, we will not affirm the criminal judgment given our conclusion that the Government breached the plea agreement on this record. We also disagree that any sentencing error was harmless. Indeed, we are not certain that the district court would have sentenced Nguyen to the same 87-month sentence under a different Sentencing Guidelines range. *See United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). As to the latter request, we will not remand to the same district judge for two reasons. First, we have long recognized that a resentencing resulting from the Government's breach of a plea agreement should take place before a different district judge. *United States v. Brown*, 500 F.2d 375, 378 (4th Cir. 1974). Second, we already provided the district court an opportunity to rule on the Government's claim that Nguyen breached the plea agreement, and it declined to do so.

Government's argument that it was released from plea agreement obligations based on defendants' alleged breaches).

Accordingly, we vacate Nguyen's sentence and remand for resentencing before a different district judge. We also deny the Government's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*