**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4669**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICKAEL JAQUAN DAVIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00297-D-1)

_____

Submitted:  November 14, 2024             Decided:  November 18, 2024

_____

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sandra J. Barrett, Hendersonville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Christopher S. Cogburn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickael Jaquan Davis pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The parties stipulated in the plea agreement that a downward adjustment to Davis' offense level for acceptance of responsibility was warranted under U.S. Sentencing Guidelines Manual § 3E1.1, but that the Government would not be bound to this stipulation if Davis' "conduct prior to sentencing change[d]" circumstances "with respect to" the appropriateness of this adjustment. At sentencing, the district court granted the Government's request to be relieved of this stipulation, declined to adopt the recommendation in the presentence report (PSR) to reduce Davis' offense level for acceptance of responsibility, and sentenced him to 90 months in prison and 3 years of supervised release.

On appeal, Davis argues that, in failing to adhere to the stipulation, the Government breached the plea agreement and thus engaged in prosecutorial misconduct. Davis also argues that the district court erred in declining to reduce his offense level three levels under USSG § 3E1.1 for acceptance of responsibility.[*] The Government argues that it did not breach the plea agreement and that Davis has not satisfied the other requirements for relief on this claim under plain-error review. Additionally, invoking the appeal waiver in Davis'

---

[*] Davis contends for the first time in his reply brief that the district court erred in basing his sentence on a personal bias against Amendment 821 to the Sentencing Guidelines and against the authority and integrity of the United States Sentencing Commission. We deem this argument waived. *See United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (noting that this court deems waived arguments not presented in party's opening brief).

2

plea agreement, the Government argues that his challenge to the district court's failure to reduce his offense level should be dismissed.

Because Davis did not challenge before the district court the Government's failure to adhere to the stipulation as a breach of the plea agreement, we review this claim for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). To prevail under this standard, Davis "must show that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87.

"Plea agreements are grounded in contract law, and both parties to a plea agreement should receive the benefit of their bargain." *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). The Government breaches a plea agreement when a promise it made to induce the plea "goes unfulfilled." *Id.* "In determining what promises the [G]overnment made, we read a plea agreement's plain language in its ordinary sense." *Id.* (internal quotation marks omitted).

We conclude that the Government did not breach the plea agreement. The agreement relieved the Government of its obligation to adhere to the stipulation if Davis' conduct before sentencing changed circumstances with respect to the appropriateness of the downward adjustment under USSG § 3E1.1. Although the PSR had recommended that the district court reduce Davis' offense level three levels under USSG § 3E1.1 based on his timely entry of a guilty plea, the court determined at sentencing that circumstances bearing on the appropriateness of this adjustment had changed in light of Davis' conduct before sentencing in using marijuana in violation of his release conditions, failing to appear for

3

the sentencing hearing as initially scheduled, absconding from supervision for five months, and fleeing from law enforcement agents before his arrest. Davis, the court determined, did not deserve a reduction to his offense level under USSG § 3E1.1 for acceptance of responsibility based on his conduct in failing to terminate or withdraw from criminal conduct before sentencing and in absenting himself from supervision and sentencing; the court thus found Davis in breach of the plea agreement and relieved the Government of its obligation to adhere to the stipulation. *See* USSG § 3E1.1 cmt. n.1(B) (providing that defendant's "voluntary termination or withdrawal from criminal conduct or associations" may be considered in determining whether defendant qualifies for reduction for acceptance of responsibility) & n.3 (providing that defendant's truthful admission of "conduct comprising the offense of conviction" may be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility"); *United States v. Miller*, 77 F.3d 71, 74-75 (4th Cir. 1996) (affirming denial of reduction where defendant, after pleading guilty, "willfully and intentionally absented himself from pre-trial supervision and sentencing"). Because the condition relieving the Government of its obligation to adhere to the stipulation was satisfied, the Government did not breach the plea agreement in failing to adhere to it. *See United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) (noting that Government may be relieved of its obligations under a plea agreement after hearing and district court finding that defendant has breached). And because no plain breach of the plea agreement is present, Davis' claim of prosecutorial misconduct premised on his breach claim fails.

4

Turning to the Government's invocation of the appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record and the parties' briefs confirms that Davis knowingly and voluntarily waived his right to appeal his sentence. We therefore conclude that the waiver is valid and enforceable. We further conclude that Davis' challenge to the district court's failure to reduce his offense level falls squarely within the scope of the waiver.

We thus affirm in part and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5